IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

              Plaintiff,

  v.

DeWAYNE CROMPTON,

              Defendant.

ORDER

92-cr-126-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant has written to ask for a copy of the grand jury transcripts for the term in which he was indicted. He does not explain why he needs the transcripts. "To obtain grand jury material, despite the presumptive secrecy imposed by Fed. R. Crim. P. 6(e), a litigant must show that the information 'is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that [the] request is structured to cover only material so needed.'" United States v. Campbell, 324 F.3d 497, 499 (7th Cir. 2003) (quoting Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 222 (1979)). Defendant's request alone is not sufficient to breach the presumption of secrecy of the grand jury. Defendant will have to explain in detail what

1

aspect of his conviction he wishes to challenge in his post conviction motion, exactly what grand jury information he is seeking and how that information is necessary to decide the issue. The court will then determine whether defendant's reasons are adequate to breach the presumption of secrecy of the grand jury.

Defendant should also know that because he has already filed one post conviction motion, he will not be allowed to file a subsequent one without first obtaining certification from a panel of the Court of Appeals for the Seventh Circuit, 28 U.S.C. § 2255 ¶8. This court has no authority to entertain a second post conviction motion under § 2255 without certification by the court of appeals that the new motion contains newly discovered evidence or rests upon "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court."

## ORDER

IT IS ORDERED that defendant's request for a copy of grand jury transcripts is

DENIED without prejudice.

Entered this 27th day of October, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge